UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JULIO PINA,

                Plaintiff,

  -against-

DORA HOMES, INC., MAGUIRE AVENUE
REALTY CORP. and OVAS BUILDING CORP.,

                Defendants.

-------------------------------------------------------------x
DORA HOMES, INC., MAGUIRE AVENUE
REALTY CORP. and OVAS BUILDING CORP.,

                Third-Party Plaintiffs,

  -against-

CHORAY CONTRUCTION CORP., TRUMAN
EUGENIO ULLOA ARCE a/k/a ESRAEL
CAMPOS, OSCAR ABAD and UTICA FIRST
INSURANCE COMPANY,

                Third-Party Defendants.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
No. 09-CV-1626 (FB) (JMA)

*Appearance:*
*For the Third-Party Plaintiffs:*
HOWARD M. FILE, ESQ.
260 Christopher Lane
Staten Island, NY 10312

*For the Third-Party Defendant Utica First Insurance Company:*
SHERRI N. PAVLOFF, ESQ.
Farber Brocks & Zane LLP
51 Charles Street, 2nd Floor
Mineola, NY 11501

**BLOCK, Senior District Judge:**

        Plaintiff Julio Pina was injured in a workplace accident on April 1, 2008, and sued

Dora Homes, Inc. ("Dora"), Maguire Avenue Realty Corp. ("Maguire"), and Ovas Building Corp. ("Ovas") (collectively "Defendants"). The Defendants filed a third-party complaint asking the Court, *inter alia*, to compel Utica First Insurance Company ("Utica") to indemnify and defend them as "additional insureds" under Utica's general coverage policy (the "Policy"), issued to third-party defendant Choray Contruction Corp. ("Choray"). Utica now moves to dismiss the Defendants' claims against Utica pursuant to Fed. R. Civ. P. 12(b); the Court converts Utica's motion to one for summary judgment pursuant to Fed. R. Civ. P. 12(d).[1] For the reasons that follow, Utica's motion is granted.

# I

The following facts are not in dispute. Utica issued the Policy to Choray on April 26, 2007, covering Choray for carpentry work performed between April 9, 2007, and April 9, 2008. Neither the Policy, nor its accompanying endorsements and declarations, makes any provision for the coverage of additional insureds.

On March 1, 2008, the Defendants executed a "Hold Harmless" agreement ("Hold Harmless Agreement") with Choray, which stated that Choray would indemnify the Defendants for any liability arising out of the construction project here at issue. Savo Aff., Ex. A (agreement). The agreement further required Choray to obtain insurance on behalf of the Defendants. *Id.* Utica was not a party to this agreement.

Approximately seven months after Pina's accident, Maguire and Dora were each issued a certificate of insurance (the "Certificates"), Maguire's on December 23, 2008, by non-party

---

[1] Since both sides have submitted and relied upon matters outside of the pleadings, the Court need not give notice of its intent to convert. *See In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985) ("A party cannot complain of lack of a reasonable opportunity to present all material relevant to a motion for summary judgment when both parties have filed exhibits [and] affidavits . . . in support of and in opposition to a motion to dismiss.").

Chenango Brokers LLC, and Dora's by non-party Portugal Agency, Inc., on January 13, 2009.[2] Sano Aff., Exs. B, C (certificates). Only Maguire's certificate explicitly states that it is an additional insured under the Policy; both, however, note that:

> This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend, or alter the coverage afforded by the policies below.

*Id.*

## II

The Defendants now argue that the Hold Harmless Agreement creates an ambiguity in the Policy which warrants denial of Utica's motion. Additionally, the Defendants argue that, in light of the Policy's lack of provision for the coverage of additional insureds, the issuance of the Certificates creates issues of fact with regard to Utica's duty to indemnify or defend them.

The Hold Harmless agreement, to which Utica was not a party, cannot alter the terms of the Policy, nor can it compel Utica to insure or defend the Defendants. *See, e.g.*, *Smith v. Fitzsimmons*, 584 N.Y.S.2d 692, 695 (4th Dep't 1992) ("As a general rule, privity or its equivalent remains the predicate for imposing liability for nonperformance of contractual obligations."). The Court expresses no opinion regarding any damages which the Hold Harmless Agreement may allow the Defendants to recover from Choray.

With regard to the Certificates, New York Law makes clear that such documents are normally not sufficient to establish coverage. *See Am. Ref-Fuel Co. of Hempstead v. Res. Recycling, Inc.*, 671 N.Y.S.2d 93, 96 (2d Dep't 1998) (holding that a certificate of insurance which recites that it was "a matter of information only and confer[red] no rights upon [a party] is insufficient, by itself, to establish that the plaintiff was insured by [the insurer]."); *Sevenson Envtl. Servs., Inc. v. Sirius*

---

[2]The Defendants assert that Chenango Brokers LLC and Portugal Agency, Inc., are Utica's authorized and fully disclosed agents.

*Am. Ins. Co.*, 902 N.Y.S.2d 279, 280 (4th Dep't 2010) ("It is well established that a certificate of insurance, by itself, does not confer insurance coverage, particularly [where] the certificate expressly provides that it 'is issued as a matter of information only and confers no rights upon the certificate holder [and] does not amend, extend or alter the coverage afforded by the policies listed below,' e.g., the general liability policy.").

However, "an insurance company that issues a certificate of insurance naming a particular party as an additional insured may be estopped from denying coverage to that party where the party reasonably relies on the certificate of insurance to its detriment." *Sevenson*, 902 N.Y.S.2d at 281. This exception to New York's general rule does not apply to the Defendants for two reasons: First, even if the Court assumes that Chenango Brokers LLC and/or Portugal Agency, Inc. acted as Utica's authorized agents, the Defendants could not have reasonably relied upon the Certificates because they were issued after Pina's accident, the incident upon which any liability in this action is premised. Second, since the Policy contains no ambiguity as to its lack of coverage of any additional insureds, it "conclusively establish[es] that the [Defendants were] never named as an additional insured," and therefore, "the doctrine of estoppel may not be invoked to create coverage where none exists under the policy." *Am. Ref-Fuel*, 671 N.Y.S.2d at 96.

## CONCLUSION

Utica is not obligated to defend and indemnify the Defendants in the underlying action. The third-party complaint is dismissed insofar as it relates to Utica.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, NY
July 22, 2010